**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-4107

———————

UNITED STATES OF AMERICA

v.

JASON GALE,
                    Appellant

———————

On Appeal from the United States District Court
for the District of Delaware
District Court  No. 1-09-cr-00049-001
District Judge: The Honorable Joseph J. Farnan, Jr.

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 21, 2010

Before: SMITH, FISHER, and COWEN, *Circuit Judges*

(Filed: June 23, 2010)

———————

OPINION

———————

SMITH, *Circuit Judge.*

        Jason Gale pleaded guilty to four counts of being a felon in possession of a firearm

in violation of 18 U.S.C. § 922(g) (hereafter referred to as the "§ 922(g) offenses") and to

one count of possessing with the intent to distribute five grams or more of cocaine base in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851 (hereafter referred to as "Count V"). Gale's presentence report calculated his guideline range as 108 to 135 months, with the maximum term of imprisonment on the § 922(g) offenses being 120 months because of the statutory maximum for those offenses. Despite that statutory maximum of 120 months, the United States District Court for the District of Delaware sentenced Gale to 192 months on each of the § 922(g) offenses and Count V's drug possession offense, all of which were to be served concurrently. Gale appealed.[1]

Gale contends that the District Court committed plain error in two respects. First, he asserts that the Court erred by sentencing him on each of the § 922(g) offenses to a term of imprisonment that exceeded the statutory maximum. Second, relying on *United States v. Tann*, 577 F.3d 533 (3d Cir. 2009), Gale submits that the District Court plainly erred by not merging the four firearm offenses into one count. In addition, Gale asserts that the District Court abused its discretion by imposing an above-guideline variance on Count V. He submits that the Court committed procedural error because it did not address whether this above-guideline sentence was, as required by 18 U.S.C. § 3553(a), "sufficient, but not greater than necessary" to serve the goals of sentencing. According to Gale, because this matter must be remanded for resentencing on the § 922(g) offenses, we should also vacate his sentence on Count V and remand for resentencing.

The prosecution concedes that the Court committed plain error by imposing a

_____

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291, and 18 U.S.C. § 3742(a).

2

sentence in excess of the statutory maximum on the § 922(g) offenses and failing to merge those four counts. We agree, and will vacate Gale's sentence on the § 922(g) offenses and remand for further proceedings.

The question that remains is whether the above-guideline sentence of 192 months on Count V was procedurally unreasonable. At sentencing, the District Court, when considering the § 3553(a) factors, emphasized the seriousness of Gale's involvement with firearms. It then pronounced its sentence, stating that "it's the judgment of the Court that Jason G. Gale is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 192 months on Counts I through V. All such counts to be served concurrently." Because the District Court treated all of the counts collectively, we are unable to determine whether the District Court's explanation for the above-guideline 192 month sentence pertained to the § 922(g) offenses or Count V. For that reason, we will vacate the District Court's sentence on Count V and remand for resentencing.

In vacating the sentence imposed on all counts, we instruct the District Court to merge the § 922(g) offenses into one conviction consistent with *Tann*, 577 F.3d at 533, 543, and to resentence Gale after setting forth its explanation for the sentence to be imposed on both the § 922(g) count and Count V.